UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Eric Valenzuela | Hasmik Collins | |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 23, filed September 7, 2015)

## I. INTRODUCTION

On July 27, 2015, plaintiff Paris Holloway filed the operative first amended complaint ("FAC") against defendants Officer Bartman Horn of the Pasadena Police Department, and the City of Pasadena ("the City") (collectively, "defendants").[1] The FAC asserts four claims: claim one against defendant Horn only, pursuant to 42 U.S.C. § 1983, for use of excessive force in violation of the Fourth Amendment; claim two against defendant Horn only, pursuant to 42 U.S.C. § 1983, for failure to provide adequate medical care in violation of the Fourth Amendment; claim three for battery, against both defendants; and claim four for negligence, against both defendants, pursuant to California Government Code § 815.2(a) and California common law.

On September 7, 2015, defendants filed the instant motion to dismiss plaintiff's FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 23. On September 14, 2015, plaintiff filed an opposition to the instant motion. Dkt. 26. Defendants did not file a reply to plaintiff's opposition. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] Plaintiff's FAC was filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which allows a party to "amend its pleading" (if the pleading is one to which a responsive pleading is required) "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

## II. BACKGROUND

Plaintiff alleges that on or about October 11, 2013, he was walking near an apartment complex in Pasadena, California when a police cruiser carrying Officer Horn in the passenger seat approached him. FAC ¶¶ 13-14. Plaintiff alleges that Horn and his partner decided to make contact with plaintiff "because of the clothing that plaintiff was wearing," and that Horn exited the vehicle by himself and began to approach plaintiff on foot. Id. ¶¶ 15-16. As plaintiff began to walk away, Horn told plaintiff that he needed to speak with him. Id. ¶¶ 17-18. Plaintiff, who had a revolver handgun in his pocket, began to run away from Horn. Id. ¶¶ 18, 20.

While he was running away from Horn, plaintiff ended up on a dirt pathway that lies between the back of a group of apartment buildings. Id. ¶ 21. At one point, plaintiff alleges that he stopped running, reached for his waistband, removed his handgun from his pants' pocket, and—with his back turned toward Officer Horn—tossed the handgun over a fence. Id. ¶¶ 22-24. After throwing the gun over the fence, and while facing away from Officer Horn, plaintiff alleges that he extended his hands to his sides in order to demonstrate that his hands were visibly empty. Id. ¶ 26. Plaintiff alleges that he did not, at any point, point his gun at or in the direction of Horn. Id. ¶ 27.

After plaintiff threw his gun over the fence and while plaintiff was still facing away from Horn with arms outstretched, plaintiff alleges that Officer Horn discharged his firearm at plaintiff, striking him several times. Id. ¶ 28. Plaintiff alleges that one of Horn's gunshots struck his spinal cord, where the bullet remains lodged today. Id. Plaintiff further states that as a result of the gunshot wounds, he experienced serious physical injury, including permanent paralysis that will require medical attention for the remainder of his life. Id. Plaintiff avers that all of Officer Horn's gunshots only occurred after (1) plaintiff had already stopped running and (2) thrown his gun over the fence, and after (3) Officer Horn actually saw plaintiff toss the gun over the fence and (4) saw that plaintiff was unarmed. Id. ¶ 47. Plaintiff further alleges that he was bleeding profusely after the shooting and that officer Horn did not timely summons medical attention for plaintiff, despite the readily apparent severity of his injuries. Id. ¶ 36.

On April 22, 2015, plaintiff pled no contest to California Penal Code ("PC") section 69 (resisting arrest), PC section 29800 (felon in possession of a firearm), and PC section 30305 (felon in possession of ammunition). In the FAC, plaintiff "admits to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

running from the police, [] admits to being in possession of a gun, [] admits pulling the gun from his pants' pocket and throwing it over a fence and [further] admits that he [1] was facing away from Horn when he threw the gun over the fence and [2] was facing away from Horn and [was] unarmed when he was shot in the back." FAC ¶ 47. Accordingly, plaintiff alleges that the factual basis for his conviction occurred when he "ran away from Horn and when he pulled a gun from his pants' pocket to toss it over the fence." Id. In other words, "[o]nce plaintiff [allegedly] stopped running from Horn and had thrown the gun over the fence," plaintiff insists he "was no longer resisting" arrest. Id.

### III. DISCUSSION

#### A. Claim One Pursuant to 42 U.S.C. § 1983 – Excessive Force

Defendants argue that plaintiff's first claim against defendant Horn, pursuant to 42 U.S.C. § 1983, for use of excessive force in violation of the Fourth Amendment is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. Defendants argue that through his plea for violating Penal Code section 69, "Holloway has admitted that Officer Horn did not use excessive force in the course of arresting him," and further admitted "that he used force or violence in resisting Officer Horn." Motion at 6. Penal code section 69 is a felony offense which penalizes any person "who attempts, *by means of any threat or violence*, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

duty." Cal. Penal Code § 69 (emphasis added). Thus, defendants argue that a judgment in favor of plaintiff on his 1983 excessive force claim "would necessarily imply the invalidity of his conviction or sentence" under section 69, and must accordingly be dismissed under Heck. Motion at 6 (quoting Heck, 512 U.S. at 487). In response, plaintiff argues that the instant action is not Heck barred because "the factual basis for [p]laintiff's PC § 69 conviction occurred prior to Horn's use of excessive deadly force," and therefore judgment in favor of plaintiff on his 1983 claim would not necessarily imply the invalidity of his conviction for resisting arrest. Opp'n at 6.

For reasons explained more fully below, the Court finds that Holloway's section 1983 action is not barred by Heck because, as plaintiff argues, "the [allegedly] excessive force may have been employed against [Holloway] subsequent to the time he engaged in the conduct that constituted the basis for his [section 69] conviction. In such circumstance, [Holloway's section] 1983 action neither demonstrates nor necessarily implies the invalidity of his [section 69] conviction." Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005). As plaintiff notes in his opposition to the instant motion, the Ninth Circuit's decision in Hooper v. County of San Diego is instructive. 629 F.3d 1127 (9th Cir. 2011). In Hooper, plaintiff Deborah Hooper "jerked her hand away from" an officer just as he grabbed her wrist to place her under arrest for methamphetamine possession. Id. at 1129. Following this initial act of resistance, a brief struggle ensued in which Hooper ended up on the ground, lying on her stomach. Id. Hooper alleged that after she stopped resisting arrest—that is, while she was lying on the ground and subdued by the arresting officer—the officer called for his patrol dog, which proceeded to bite Hooper's head and tear off large portions of her scalp. Id. Hooper subsequently pled guilty to resisting a peace officer under California Penal Code section 148(a)(1).[2]

---

[2] Section 148(a)(1) is a misdemeanor offense which penalizes any person who "willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician . . . in the discharge or attempt to discharge any duty of his or her office or employment." Cal. Penal Code § 148(a)(1). Section 69, under which Holloway was convicted, is a felony offense which penalizes any person who "who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty." Id. § 69. "This difference does not impact the Court's analysis" here. Heltsley v. Harris, No. C 06-2626 CW, 2007

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

Notably, as in the instant case, Hooper did not dispute the lawfulness of her arrest, nor did she dispute that she had resisted arrest.  Id.

The Ninth Circuit concluded that Hooper's subsequent 1983 claim was not Heck barred, explaining that "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force would not 'negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it'" when she jerked her hand away from the officer.  Id. at 1133 (alteration in original) (citing Yount v. City of Sacramento, 43 Cal. 4th 885, 899 (2008)).  In the instant case, as in Hooper, plaintiff argues that the officer used excessive force only *after* the conduct giving rise to plaintiff's section 69 conviction was completed, and thus plaintiff's civil 1983 claim does not "necessarily imply the invalidity" of Plaintiff's section 69 conviction.  Opp'n at 10-11.  More specifically, plaintiff alleges in the FAC that "[t]he factual basis for [his] PC 69 conviction occurred prior to [his] getting shot multiple times," such that "[o]nce [plaintiff] stopped running from Horn and had thrown the gun over the fence, [he] was no longer resisting."  FAC ¶ 47.

The Court concludes that Holloway's plea of no contest and subsequent conviction did not "necessarily determin[e] the lawfulness of [Officer Horn's] actions throughout the whole course of [Holloway's] conduct."  Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1045 (9th Cir. 2012).  Rather, as explained by the court in Kyles v. Baker,

> this is a case, like Hooper, where different actions occurred during the course of one continuous transaction.  It is not clear from the record which of those actions provided the factual basis for [Holloway's] conviction under section [69].  Although defendants submitted several documents concerning [Holloway's] criminal charges and plea, none of the documents reveal the factual basis for his conviction. [See Request for Judicial Notice, Attachment 2].  The mere fact that [Holloway] pled no contest to a section [69] charge does not automatically imbue every aspect of [Horn's] conduct during the [October 11, 2013] encounter with an irrebuttable presumption of lawfulness.

---

WL 1624461, at *5 n.1 (N.D. Cal. June 4, 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

> The question remains whether it is reasonable to infer that [Holloway's] section [69] conviction and his excessive force claims are "based on different actions."

72 F. Supp. 3d 1021, 1037 (N.D. Cal. 2014) (quoting Hooper, 629 F.3d at 1134). Accordingly, the Court finds that Holloway's no contest plea and conviction under section 69 "does not bar a § 1983 claim for excessive force under Heck" because under the facts as alleged, which the Court accepts as true for purposes of the instant motion, "the [section 69] conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" Hooper, 629 F.3d at 1134.

Defendants' arguments to the contrary are unavailing. For example, with respect to plaintiff's no contest plea and conviction, defendants argue that plaintiff's actions as alleged in the FAC (1) are insufficient to justify a conviction under section 69, and (2) are "contrary to his plea and the trial court's finding on the factual basis for his criminal case," such that allowing his claim to survive dismissal would "allow [him] to circumvent the judgment of conviction against him." Motion at 4, 6. Specifically, defendants aver that "[s]imply running away from an officer and removing a revolver from your pants do[es] not establish a violation for [section 69]—there must be some *threat, force or violence* used (such as pointing a gun at an officer)." Motion at 4 (emphasis in original). Defendants are effectively arguing that Holloway's actions leading up to the shooting, as pleaded in the FAC, could not possibly constitute an "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law." Cal. Penal Code § 69.

First, the Court declines to conclude that plaintiff's various alleged actions leading up to the shooting—that is, plaintiff's running from the officer while armed with a handgun and subsequent disposal of the gun in the officer's plain view—cannot possibly have provided sufficient factual grounds for plaintiff's no contest plea and conviction under section 69. See Rodriguez v. City of Long Beach, No. SACV 10-00271 DOC, 2011 WL 3757122, at *4 (C.D. Cal. Aug. 25, 2011) (rejecting defendants' argument "that because Penal Code § 69 criminalizes resisting or deterring an officer through threats or violence, the mere refusal to sit on [a street] curb could not possibly have constituted the basis for Plaintiff's [nolo contendre plea and] conviction"). Second, in arguing that Officer Horn only fired his weapon after Holloway "turned to Officer Horn pointing a black handgun at him," defendants are contesting plaintiff's version of events, as alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

in the FAC. Motion at 2. To the extent to which defendants are arguing that plaintiff's section 69 conviction for resisting an officer through threats or violence casts doubt on the version of events alleged in the FAC, any such assertion simply underscores the existence of a disputed issue of fact and is not properly considered on a motion to dismiss.

Accordingly, the Court DENIES defendants' motion insofar as it argues that plaintiff's first claim is barred by Heck.

### B. Claim Two Pursuant to 42 U.S.C. § 1983 – Denial of Medical Care

To support his 1983 claim based upon defendant Horn's alleged denial of medical care following the shooting, plaintiff states that Horn "knew that failure to provide timely medical treatment to plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need by delaying in getting plaintiff medical attention." FAC ¶ 59. The FAC further alleges that "[d]espite observing plaintiff bleeding profusely from his gunshot wounds, [Officer] Horn did not timely summons medical attention," and that such a denial of medical care deprived plaintiff of his right to be secure in his person against unreasonable searches and seizures. Id. ¶¶ 59-60.

Defendants argue that a review of the computer generated "Call for Service," which defendants state is an official City document that logs communications between officers and dispatch, illustrates that plaintiff's allegations are without merit. See Request for Judicial Notice, Attachment 2. Specifically, defendants argue that a review of the Call for Service indicates that less than two minutes elapsed between the announcement of "shots fired" and the indication that a rescue ambulance ("RA") was "enroute and staging." Id. Thus, defendants contend that because less than two minutes elapsed between "shots fired" and "RA enroute and staging," and such a "short amount of time cannot be considered an unreasonable delay or a denial of medical care," plaintiff's claim should be dismissed.

The Court disagrees and finds that the issues surrounding any alleged denial of medical care are best resolved with the benefit of a factual record and not on a motion to dismiss. Even if, as defendants contend, only two minutes elapsed between the "shots fired" call and the ambulance dispatch, this does not address, for example, the amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

time that elapsed between the actual shooting and the "shots fired" call. See FAC ¶¶ 59-60 ("Horn did not timely *summons* medical attention." (emphasis added)). Resolution of such a factual question can only occur following development of the factual record.

Accordingly, the Court DENIES defendants' motion with respect to plaintiff's second claim.

      C.    **Qualified Immunity**

Defendants argue that "[b]ased upon plaintiff's plea," plaintiff "admits that he used force or violence against Officer Horn," that "Officer Horn did not use excessive force during the course of plaintiff's arrest," and that accordingly, Officer Horn would also be entitled to qualified immunity. Motion at 6-7. "Qualified immunity is an affirmative defense that must be raised by a defendant." Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) (citing Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993)). In general, "[q]ualified immunity protects officers from liability for civil damages where their alleged unconstitutional conduct does not violate a clearly established right." Ford v. City of Yakima, 706 F.3d 1188, 1192 (9th Cir. 2013).

Thus, under the so-called "Saucier two-step" analysis, Officer Horn would be entitled to qualified immunity from plaintiff's constitutional claims "unless (1) facts viewed in the light most favorable to the injured party show that the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct." Id. (citing Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009)). However, lower courts may "exercise their sound discretion in deciding which of the two prongs of the [Saucier] qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Thus, for example, "if [a court] see[s] fit, [it] may now skip the first step of the Saucier analysis and proceed directly to the qualified immunity question." Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Furthermore, "a Rule 12(b)(6) dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." Groten, 251 F.3d at 851 (citing Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

Here, viewing the alleged facts in the light most favorable to plaintiff, the Court cannot determine, "based on the complaint itself, that qualified immunity applies." Groten, 251 F.3d at 851. Generally, "the use of excessive force in effecting an arrest is a clearly established violation of the Fourth Amendment." Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1092 (9th Cir. 1998). Plaintiff's FAC alleges that at the time of the shooting, plaintiff had stopped running, was unarmed, and was facing away from Officer Horn with his hands extended to his side to show that they were visibly empty. Accordingly, plaintiff argues in opposition to the instant motion that at the time of the shooting, plaintiff was not an immediate threat of death or serious bodily injury to Horn or anyone else, and therefore the trier of fact could reasonably find that Horn's use of deadly force was objectively excessive, unreasonable, and conducted in violation of plaintiff's Fourth Amendment rights. Motion at 16-17. The Court agrees and finds that a determination regarding qualified immunity at this stage in the proceeding is not appropriate.

### D. Timeliness of State Law Claims Three and Four

Defendants argue that plaintiff's third and fourth claims for battery and negligence are untimely, as per the relevant statutes of limitations articulated in the California Tort Claims Act, Government Code section 900 et seq. "As part of the California Tort Claims Act, Government Code section 900 et seq. establishes certain conditions precedent to the filing of a lawsuit against a public entity," like the City of Pasadena.[3] State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004). Under the Tort Claims Act, Holloway "must timely file a claim for money or damages with the public entity" before filing a suit like the instant action against the City and Officer Horn. Bodde, 32 Cal. 4th at 1237 (citing Cal. Gov't Code § 911.2). Following the rejection of any such claim by the public entity, the plaintiff then has no more than six months to file a court action on that claim. See Cal. Gov't Code § 945.6.

---

[3] With respect to the claims against Officer Horn, under the Tort Claims Act, "a cause of action against a public employee or former public employee [such as Officer Horn] for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity [i.e., the City of Pasadena] for such injury is [or would be] barred" due to failure to comply with the Tort Claims Act. Cal. Gov't Code § 950.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

Here, the date of the underlying incident was October 11, 2013. Plaintiff alleges that his tort claim for damages was timely filed on April 1, 2014 and denied by the City on May 22, 2014. FAC ¶¶ 8-9. Defendants therefore argue that plaintiff's battery and negligence claims are time-barred, as plaintiff's original complaint was filed on May 21, 2015, nearly one year after his tort claim was denied. This arguments fails, however, because Holloway was precluded from filing a civil suit against Horn and the City so long as the charges against him for resisting arrest were still pending. Cal. Gov't Code § 945.3. For purposes of tolling, "criminal charges are 'pending' until the date of judgment." Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997) (quoting McAlpine v. Superior Court, 209 Cal. App. 3d 1, 3 (1989)). In his FAC, plaintiff alleges that the criminal matter in which Plaintiff was criminally prosecuted concluded on April 22, 2015. Because plaintiff filed his original complaint less than one month later, his state law tort claims are not untimely.

### E. Statutory Basis for Negligence Claim Against the City

Defendants argue that plaintiff's fourth claim for negligence, brought against both the City and Horn, is barred because it is improperly based upon common law. See Motion at 10 ("Given that the California Legislature abolished common law negligence claims against public entities with the enactment of the Tort Claims Act, this Cause of Action should be dismissed."). Under California law, public entity liability is governed entirely by statute. See Cal. Gov't Code § 815 ("*Except as otherwise provided by statute*: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.") (emphasis added). Accordingly, as defendants rightly note, in order to hold a public entity liable, a plaintiff must identify a California statute which permits that entity to be held liable.

Holloway alleges that the City is vicariously liable for negligence pursuant to California Government Code section 815.2(a). FAC ¶ 74. Pursuant to section 815.2(a), "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." To the extent to which defendants are arguing that section 815.2 is not itself a statutory basis for liability, and that a plaintiff must identify an independent statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 15-03867 CAS (JCx) | Date | October 19, 2015 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA, ET AL. | | |

basis for liability against the employee of the public entity, this assertion runs contrary to the law.

Section 815.2 is a vicarious liability statute that permits a public entity to be liable for the actions of its employees to the same extent as a private employer. See Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir.2002) (en banc) ("California . . . has rejected the Monell rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune"); see also Scott v. County of Los Angeles, 27 Cal. App. 4th 125, 139-40 (1994) ("Under Government Code section 815.2, subdivision (a), the County is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under subdivision (b), the County is immune from liability if, and only if, [the employee] is immune.") (emphasis omitted)). Accordingly, pursuant to section 815.2, the City may be held liable under a theory of respondeat superior for the actions of its employee, Officer Horn. Plaintiff's negligence claim against the City is premised upon a vicarious liability theory and brought pursuant to section 815.2. See Opp'n at 20 ("[W]ith regards to Plaintiff's negligence claim, Plaintiff is only suing the City of Pasadena under a theory of vicarious liability for the actions and inactions of Horn during the course and scope of his employment as a City police officer. Plaintiff is not suing the City of Pasadena directly under his negligence claim.").

Defendants' motion to dismiss plaintiff's negligence claim against the City is accordingly DENIED.

## IV. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby **DENIED** in its entirety.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |