UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
|---|---|---|---|
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION FOR WRITTEN INDICATION (Filed January 30, 2017, Dkt. 46)

The Court finds this motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of February 27, 2017, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

This action stems from shots fired by a police officer, Bartman Horn, on October 11, 2013. On September 7, 2015, defendants moved to dismiss the complaint on the basis of qualified immunity. Dkt. 23. The Court denied defendants' motion on October 19, 2015. Dkt. 28. Thereafter, defendants filed an interlocutory appeal. Dkt. 30.

Defendants moved to supplement the record on appeal, see Appellate Case No. 15-56770, Dkt. 26, which the Ninth Circuit denied on October 4, 2016, Dkt. 44.

"[A] proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial." Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (citing Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989)). However, the Ninth Circuit denied defendants' motion to supplement the record:

> without prejudice to counsel seeking a written indication from the district court . . . that the district court is inclined to consider a Rule 60(b) motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
|---|---|---|---|
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

allow the district court to consider the new evidence in the first instance if the court of appeals issues a limited remand.

Dkt. 44. On January 30, 2017, defendants filed the instant motion seeking a written indication from the Court whether it is inclined to consider a Rule 60(b) motion regarding the Court's prior denial of qualified immunity. Dkt. 46. On February 6, 2017, plaintiff filed an opposition, dkt. 48, and a request to strike defendants' motion, dkt. 47. On February 10, 2017, defendants filed a reply in support of their motion. Dkt. 50.

Having carefully considered the parties' arguments, the Court declines to offer written indication that it would entertain a Rule 60(b) motion.

## II. LEGAL STANDARDS

As noted above, the Court lacks the necessary jurisdiction to grant a Rule 60(b) motion. Nonetheless, pursuant to Federal Rule of Civil Procedure 62.1, the Court may give a written indication whether it would entertain such a motion if the matter were remanded. See Russell Rd. Food & Beverage, LLC v. Galam, 585 F. App'x 745, 746 (9th Cir. 2014) (district court has authority to entertain a Rule 62.1 motion). Federal Rule of Civil Procedure 62.1(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> . . .
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P 62.1(a). "A statement that the motion raises substantial issues does not tie the district court to a particular ruling on the motion after remand." In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig., 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011).

## III. DISCUSSION

Plaintiff acknowledges that on April 22, 2015, he pleaded guilty to three charges: (1) possession of a firearm by a felon, (2) possession of ammunition by a felon, and (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

resisting arrest by force or violence. First Amended Complaint ("FAC") ¶ 47. Defendants argue that plaintiff's conviction for resisting arrest by force or violence necessarily precludes plaintiff from bringing his claims for (1) excessive force in violation of plaintiff's Fourth Amendment Rights, pursuant to 42 U.S.C. § 1983; (2) denial of medical care in violation of plaintiff's Fourth Amendment Rights, pursuant to 42 U.S.C. § 1983; (3) battery; and (4) negligence. According to defendants, plaintiff's conviction for resisting arrest entitles them to qualified immunity because said conviction requires proof that plaintiff used force or violence to resist arrest such that defendants' use of force would be justified. In its decision denying defendants' motion to dismiss, the Court rejected this argument because the allegations in the FAC are not necessarily in conflict with plaintiff's conviction and the allegations do not entitle defendants to qualified immunity. Dkt. 28.

Defendants now request a written indication whether the Court would entertain a Rule 60(b) motion and dismiss this action in light of supplemental evidence offered by defendants. Defendants argue that they are entitled to qualified immunity.

"Qualified immunity is an affirmative defense that must be raised by a defendant." Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) (citing Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993)). In general, "[q]ualified immunity protects officers from liability for civil damages where their alleged unconstitutional conduct does not violate a clearly established right." Ford v. City of Yakima, 706 F.3d 1188, 1192 (9th Cir. 2013). Thus, under the so-called "Saucier two-step" analysis, Officer Horn would be entitled to qualified immunity from plaintiff's constitutional claims "unless (1) facts viewed in the light most favorable to the injured party show that the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct." Id. (citing Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009)). "[A] Rule 12(b)(6) dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." Groten, 251 F.3d at 851 (citing Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998)).

Defendants seek dismissal of plaintiff's complaint because of two hearing transcripts that defendants now offer in support of their motion. The first is the transcript of a preliminary hearing held in the State of California's criminal case against plaintiff. See Dkt. 46 Ex. 1 ("Prelim. Transcript"). The second is the transcript of plaintiff's plea

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

and sentencing hearing. Id. Ex. 2 ("Plea Transcript"). During the preliminary hearing on the criminal charges against plaintiff, the officer who shot plaintiff, Bartman Horn, testified that he shot plaintiff because plaintiff was pointing a gun at him. Prelim. Transcript at 15:5-7 ("When [Holloway] did turn around, there was a gun in his right hand which was pointed at me"). If Horn's testimony is credited, defendants would be entitled to qualified immunity.

Defendants further contend that plaintiff has conceded the truth of Horn's testimony by pleading guilty to resisting arrest by use of force or fear. At plaintiff's plea and sentencing hearing, the following exchange took place between plaintiff's criminal defense counsel and the sentencing judge:

> Judge: Does counsel join in plea and waivers and stipulate to a factual basis based on the preliminary hearing transcript?
> A: Yes.

Plea Transcript 9:19-22. Defendants argue that, in light of the foregoing supplemental evidence, it would be a "manifest injustice and abuse of discretion" to deny them qualified immunity. Mot. at 7. However, the foregoing does not appear to provide a basis for finding qualified immunity at the motion to dismiss stage, nor would a Rule 60(b) motion present a substantial question.

Defendants' motion to dismiss (or for Rule 60(b) relief from the order denying it) cannot rely upon extrinsic evidence outside the pleadings without being converted into a motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, this action is at the pleading stage and plaintiff has not been permitted discovery. Further, although qualified immunity should be found at the "earliest possible stage in litigation," Hunter v. Bryant, 502 U.S. 224, 227 (1991), neither the preliminary hearing transcript nor the plea transcript demonstrate defendants' entitlement to qualified immunity.

First, the preliminary hearing transcript is ambiguous as to the critical facts that may entitle defendants to qualified immunity. Plaintiff alleges that he did not point a gun at Horn and instead threw his gun over a fence before being shot from behind. FAC ¶¶ 22-24. Plaintiff alleges that he was facing away from Horn at the time he was shot and was not threatening violence against Horn. Id. Although Horn's testimony is at odds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
|---|---|---|---|
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

with plaintiff's allegations, other evidence elicited during the preliminary hearing is consistent with plaintiff's allegations. For instance, Horn's partner, Matthew Jones, testified that he lost sight of Horn and plaintiff when plaintiff ran from the police and Horn pursued plaintiff through a neighborhood. Thereafter, Jones located Horn and plaintiff moments after the shooting. Jones testified at the preliminary hearing:

> A: I heard [Horn] say, 'don't move.'
> Q: 'Don't move.' And did he have his gun still pointed at Mr. Holloway?
> A: Yes, ma'am.
> Q: And at some point did you hear officer Horn say, 'he threw the gun somewhere over there, go look for it?'
> A: Not those exact words, but yeah, [Horn] said [Holloway] threw the gun.

Prelim. Transcript at 50:3-12. The State's forensic witness testified during the preliminary hearing that a gun, which plaintiff alleges he threw before being shot, was found on the other side of an adjacent fence, "around fifteen feet" from where plaintiff was shot. Prelim. Transcript 66:22. As discussed in the Court's prior orders, if plaintiff was facing away from Horn and threw his gun over a fence before being shot, defendants would not be entitled to qualified immunity. The preliminary hearing transcript demonstrates a dispute as to what occurred in the moments before Horn shot plaintiff, such that defendants are not, at this time, entitled to dismissal or summary judgment on the issue of qualified immunity.

As the Court previously noted:

> To the extent to which defendants are arguing that plaintiff's . . . conviction for resisting an officer through threats or violence casts doubt on the version of events alleged in the FAC, any such assertion simply underscores the existence of a disputed issue of fact and is not properly considered on a motion to dismiss.

Dkt. 28. Plaintiff's plea hearing transcript does not resolve the foregoing factual issue. Holloway's defense counsel, Donna Tryfman ("defense counsel"), stipulated to a factual basis for the resisting arrest conviction, but defense counsel did not necessarily stipulate that her client pointed a gun at the arresting officer. The testimony during the preliminary hearing described an entire course of conduct between Horn and Holloway.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

Horn testified that he chased Holloway for more than a quarter of a mile, Prelim. Transcript at 8:20, repeatedly lost sight of Holloway, id. at 10:19, and suspected Holloway had a weapon, id. at 10:1-5. Horn further testified that Holloway ignored verbal commands to stop fleeing and stay still, id. at 14:23-24, and that Horn saw a gun, id. at 15:1-2. Only at the end of the chase did Holloway purportedly point the gun at Horn. However, it is unclear exactly what facts were the subject of defense counsel's stipulation.

Nor do defendants cite any authority for their implicit contention that defense counsel's stipulation to a factual basis for the resisting arrest conviction should operate as an admission of everything in Horn's preliminary hearing testimony.[1] The resisting arrest statute at issue has been interpreted to prohibit a broad range of conduct. See e.g.

---

[1] Defendants rely upon Dobbs v. Zant, 506 U.S. 357 (1993), for the proposition that courts should consider supplementary evidence that "calls into serious question the factual predicate on which" a court previously relied. However, Dobbs adds little of relevance here. In Dobbs, an inmate facing the death penalty sought relief from his sentence because of ineffective assistance of counsel during the penalty phase of his trial. In the District Court, the State claimed that a transcript of the penalty phase was unavailable. The court held an evidentiary hearing at which the petitioner's counsel testified. The District Court denied the habeas petition based on the attorney's testimony and the petitioner appealed. While the case was on appeal, the petitioner sought to supplement the record with a transcript from the penalty phase that had been newly discovered. The Eleventh Circuit determined that it could not consider the new evidence, even though it contradicted the attorney's testimony. The Supreme Court reversed, concluding that "under the particular circumstances described," id. at 359, it was error not to consider the transcript because it "contradicted the account given by counsel in key respects," id. at 358. Refusing to consider the transcript on appeal, where the State delayed its discovery and it contradicted the attorney's testimony, was error.

Here, unlike in the appeal in Dobbs, the factual record is not static and may be further developed if and when the case proceeds towards trial. At this time, factual disputes remain unresolved. Unlike in Dobbs, the Court may yet consider Horn's preliminary hearing testimony in deciding whether defendants are entitled to summary judgment on the basis of qualified immunity. However, neither Dobbs nor Horn's testimony requires outright dismissal of plaintiff's complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03867-CAS (JCx) | Date | February 22, 2017 |
| Title | PARIS HOLLOWAY V. CITY OF PASADENA AND BARTMAN HORN | | |

Rodriguez v. City of Long Beach, Case No. 10-cv-00271, 2011 WL 3757122, at *4 (C.D. Cal. Aug. 25, 2011) (resisting arrest plea "could have been based on any one of several acts or omissions of [plaintiff] in his interaction with" a police officer, including refusal to comply with orders); People v. Bernal, 165 Cal. Rptr. 3d 681, 686-87 (2013) (attempt to begin running from officer holding onto defendant's waist "plainly violated [Penal Code] section 69" because of "force used by a defendant *in resisting* an officer's attempt to restrain and arrest the defendant" without proof "force was directed toward or used on any officer"). Defense counsel's stipulation might have acknowledged a factual basis for the resisting arrest conviction without necessarily conceding that plaintiff pointed a gun at Horn before being shot. Accordingly, the Court will not speculate regarding the precise point at which plaintiff necessarily committed a resisting arrest offense during the lengthy escape attempt by plaintiff described during the preliminary hearing.

A Rule 60(b) motion based on the supplemental evidence would not raise a substantial question. The supplemental evidence does little to inform the Court's prior reasoning, nor does it unambiguously contradict plaintiff's allegations. Defendants' motion for a written indication to the contrary is **DENIED**.

## IV. CONCLUSION

Defendants' motion for written indication is **DENIED**.

IT IS SO ORDERED.

|  | 00  00 |
|---|---|
| Initials of Preparer | CMJ |